J-A19012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL BRIAN | : | |
| | : | |
| Appellant | : | No. 1501 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 25, 2023
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001279-2022

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: NOVEMBER 25, 2024**

Michael Brian appeals from the judgment of sentence entered on April 25, 2023, for his convictions of statutory sexual assault, aggravated indecent assault, and corruption of minors.[1] Brian challenges his lifetime sexual offender registration as required by the Sexual Offender Registration and Notification Act ("SORNA").[2] As these arguments were addressed by the Pennsylvania Supreme Court in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024), which is binding precedent, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1), 3125(a)(8), and 6301(a)(1)(ii), respectively.

[2] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.

We need not provide a detailed factual summary to address the specific issues raised in this appeal. Briefly, Brian sexually assaulted a minor, D.R., when she slept over at Brian's house in January of 2020. D.R. did not initially disclose the assault but ultimately told her mother approximately a year and a half later. Brian was charged by criminal complaint on March 30, 2022, and proceeded to a jury trial January 23-24, 2023. Brian was found guilty as noted above and the trial court sentenced him to an aggregate 3 to 6 years' incarceration with a consecutive term of 3 years' probation. Brian was further directed to comply with the Tier III lifetime registration requirements under SORNA.[3]

Brian filed a timely post-sentence motion requesting a modification of his sentence and a new trial because the verdict was against the weight of the evidence. The trial court granted the motion in part. Specifically, the trial court granted Brian's request for time credit for time spent on house arrest with electronic monitoring. The remainder of Brian's post-sentence motion was denied. Brian filed a timely appeal and complied with the court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Brian raises two issues for our review:

The imposition of a lifetime sex offender registration requirement pursuant to SORNA on Mr. Brian is a violation of both the Sixth and Fourteenth Amendments to the United States Constitution as this penalty goes beyond the prescribed statutory maximum

---

[3] Brian was not found to be a sexually violent predator ("SVP").

based upon the General Assembly's factual determination that the defendant "poses a high risk of committing additional sexual offenses," 42 Pa.C.S.[A.] § 9799.11(a)(4), a fact that was not submitted to the jury nor proven beyond a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The imposition of a lifetime sex offender registration punishment pursuant to SORNA on Mr. Brian is illegal as the statutory maximum for a felony of the second degree as codified in 18 Pa.C.S.[A.] § 1103(2) is ten (10) years.

Appellant's Brief, at 8 (suggested answers, internal brackets, and unnecessary capitalization omitted).

Brian's claims present pure questions of law; therefore, our standard of review is *de novo,* and our scope of review is plenary. *See Torsilieri*, 316 A.3d at 86. We further note

legislation carries with it a strong presumption of constitutionality, which will not be overcome unless the legislation is clearly, palpably and plainly in violation of the Constitution. Indeed, a party challenging legislation as unconstitutional bears a heavy burden, and all doubts are to be concluded in favor of a finding of constitutionality.

*Id.* (quotation marks and citation omitted). As both of Brian's claims turn on whether SORNA is punitive, we will address them together.

Brian argues Subchapter H of SORNA is punitive. As a punitive sanction, Brian asserts his requirement to register for life is "an enhancement upon the maximum sentencing provisions[,]" and is therefore illegal as a sentence above the statutory maximum. Appellant's Brief, at 15, 20. Because the increase in the statutory maximum was not submitted to the jury and found beyond a reasonable doubt, Brian asserts his lifetime registration also runs

afoul of **Apprendi**. **See id.** Finally, Brian requests a remand to the trial court so he may create an evidentiary record showing the irrebuttable presumption that sex offenders pose a high risk of committing additional sexual offenses is unconstitutional on its face. **See id.** at 16-18.

Brian filed his brief before he had the benefit of our Supreme Court's decision in **Torsilieri**. On May 31, 2024, our Supreme Court found Subchapter H of SORNA did not violate the irrebuttable presumption doctrine and concluded Subchapter H was not punitive. **See Torsilieri**, 316 A.3d at 99-100, 109-10. The Court further held that

> because a finding that Subchapter H constitutes criminal punishment is a threshold factor in determining the viability of [Torsilieri's] derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

**Id.** at 110.

As Brian's claims are predicted upon his argument that Subchapter H of SORNA is punitive, **Torsilieri** is dispositive. Subchapter H of SORNA is not punitive and its irrebuttable presumption is constitutional. **See id.** at 99-100, 109-10. Therefore, remand is unnecessary, Brian's claims fail, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024